IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
KEN WALTERS, et al,                     No   C-04-5084 VRW

        Plaintiffs,                          ORDER

     v

WORLD SWEEPING, INC,

        Defendant.
                                    /
```

Plaintiffs, which are various employee trust funds and their respective trustees, brought this ERISA action on December 1, 2004, alleging that defendant World Sweeping, Inc, violated a collective bargaining agreement ("CBA") and various trust agreements (Doc ##19, Ex B; 22) by not paying fringe benefit contributions to the trust funds and not submitting to an audit. Doc #1.  Although served on December 15, 2004 (Doc #3), defendant never filed an answer or responsive pleading.  Upon plaintiffs' motion, the clerk entered default on March 30, 2005.  Doc #14.

//

//

Plaintiffs now move the court for default judgment. Doc #17. Plaintiffs have requested that defendant pay $13,322.85 in fringe benefit contributions and $783.00 in liquidated damages, plus interest. Doc ##1, 17. Plaintiffs have also requested $3,692.50 in attorneys' fees and $234.50 in costs. Doc ##17-18. Moreover, plaintiffs seek to enjoin defendant to submit to an audit of its books and records, as required under the CBA and trust agreements, and to pay plaintiffs the amount due under the audit, plus interest. Doc #17. Plaintiffs also seek to enjoin defendant permanently to submit all monthly contribution reports and payments required under the CBA and trust agreements. Id. Finally, plaintiffs request an accounting between plaintiffs and defendant. Id.

Plaintiffs' declarations and supporting exhibits (Doc ##12, 19, 22) demonstrate that they are entitled to default judgment pursuant to FRCP 55(b) for their claims under 29 USC §§ 1001, et seq. Plaintiffs also have provided sufficient evidence to support their requests for attorneys' fees and costs, both of which appear to be reasonable. Doc #18. But aside from a self-serving statement (Doc #19 at 4:3-4), plaintiffs have not provided any evidence of the amount of fringe benefit contributions, liquidated damages and interest that defendant owes plaintiffs. Hence, the court has no basis to determine the amount of damages, if any, to which plaintiffs are entitled.

Accordingly, the court: (1) GRANTS plaintiffs' motion for default judgment; (2) ORDERS defendant to pay plaintiffs $3,692.50 in attorneys' fees and $234.50 in costs; (3) ENJOINS defendant to submit to an audit of its books and records, as

required by the CBA and trust agreements, and to pay the amount due under the audit, plus interest; **(4) PERMANENTLY ENJOINS** defendant to submit all monthly contribution reports and payments required under the CBA and trust agreements and **(5) ORDERS** defendant to provide plaintiffs with an accounting of defendant's transactions with plaintiffs. Moreover, pursuant to 28 USC § 636(b)(1)(A) and FRCP 72(a), **IT IS HEREBY ORDERED** that this case be referred to the chief magistrate judge or his designee to conduct such proceedings, including evidentiary hearings, as necessary and appropriate to determine the amount, if any, that defendant owes plaintiffs for fringe benefit contributions, liquidated damages and interest.

      The magistrate judge shall make a report and recommendation concerning said amount within sixty days of the entry of this order unless the time is extended upon application of the magistrate judge. Counsel will be advised of the date, time and place of appearance by notice from the assigned magistrate judge.

      IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge