**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEN WALTERS, et al, | No  C-04-5084 VRW |
|     Plaintiffs, | ORDER |
|     v | |
| WORLD SWEEPING, INC, | |
|     Defendant. / | |

        On January 6, 2006, the court granted plaintiffs' motion for default judgment and, inter alia, ordered defendant to pay plaintiffs $3,692.50 in attorneys' fees and $234.50 in costs. Doc #30 at 2-3. The court also referred the case "to the chief magistrate judge or his designee to conduct such proceedings, including evidentiary hearings, as necessary and appropriate to determine the amount, if any, that defendant owes plaintiffs for fringe benefit contributions, liquidated damages and interest." Id at 3.

        On January 26, 2006, plaintiffs filed a motion before Magistrate Judge James specifying the amounts of these damages. Doc #32 at 6. Defendant neither responded to this motion nor attended the hearing on this matter on March 2, 2006. Doc #39. Judge James then issued a report and recommendation that adopted the amounts specified in plaintiffs' motion except for reducing by $500 the requested attorneys' fees for filing that motion. Doc #38 at 5. Plaintiffs did not object to Judge James's report.

The court generally agrees with the magistrate judge's recommendation. But upon closer review, the court has detected some apparent calculation errors in the audit report that plaintiffs submitted in support of their motion. Doc #36, Ex C (Audit Report) at 2-3. For example, for the period between October 2002 and December 2002, the audit report incorrectly states that 15% liquidated damages for $2,737.35 in delinquent payments is $602.99; rather, 15% of $2,737.35 is $410.60. Audit Report at 2. And even if this figure is correct, the audit report appears incorrectly to calculate 12% interest, which according to the sweeper collective bargaining agreement (CBA; Doc #36, Ex B), is 12% of the sum of the delinquent payments and the liquidated damages. Id, ¶ 07.01.00. Similarly, the audit report appears to miscalculate liquidated damages and interest for 2003. See Audit Report at 3.

Accordingly, based on the data provided in the audit report and the calculation methodology described in the CBA, the court calculates the following:

| Time period | Unpaid fringe benefit payments | 15% liquidated damages | 12% interest | Dues/ vacation payments | Subtotal |
|---|---|---|---|---|---|
| 10/02-12/02 | $2737.35 | $410.60 | $377.75 | $804.38 | $4330.08 |
| 01/03-12/03 | $6209.43 | $931.42 | $856.90 | $1776.23 | $9773.98 |
| Subtotal | $8946.78 | $1342.02 | $1234.65 | $2580.61 | $14104.06 |
| | | | | Credit | -$1104.00 |
| | | | | Atty fees/ costs for 01/26/06 motion | $1542.00 |
| | | | | **Total due:** | **$14542.06** |

2

After accounting for a credit of $1,104.00, the court ORDERS defendant to pay $14,542.06 based on the following: (1) $8,946.78 in unpaid fringe benefits and $2,580.61 in supplemental dues/vacation payments (for a total of $11,527.39); (2) $1,342.02 in liquidated damages; (3) $1,234.65 in interest and (4) an additional $1,462.50 in attorneys' fees and $79.50 in costs (for a total of $1,542.00) related to plaintiffs' January 26, 2006 motion to determine the amount of damages.  This total is in addition to the $3,927.00 in attorneys' fees and costs that the court ordered defendant to pay in the court's January 6, 2006 order.

The court DIRECTS the clerk to enter judgment in this matter on the terms set forth here and in the court's January 6, 2006 order (Doc #30).  The clerk is also DIRECTED to close the file and terminate all pending motions.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

3